UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ex parte Cleveland Kilgore, # 09441-007,<br>Ex parte Cleveland Winston Kilgore, Jr. jointly and severally petitioners,<br><br>Petitioner,<br><br>vs.<br><br>United States Government; and<br>Warden Michael Pettiford,<br><br>Respondents. | ) **C/A No. 0:08-506-HFF-BM**<br>)<br>)<br>)<br>)<br>)<br>)<br>) **Report and Recommendation**<br>)<br>)<br>)<br>)<br>)<br>) |

### *Background of this Case*

The petitioner in the above-captioned case is a federal inmate at FCI-Bennettsville. The petitioner was convicted of various counts of bank fraud, aggravated identity theft, and aiding and abetting in *United States of America v. Cleveland Kilgore*, Criminal No. 06-115 (D. Md). His convictions were entered pursuant to a jury's verdicts. On December 15, 2006, the Honorable Richard D. Bennett, United States District Judge, sentenced the petitioner to a total of one hundred forty-nine (149) months to be followed by five (5) years of supervised release. The petitioner was also directed to pay restitution in the amount of two hundred sixty-eight thousand nine hundred thirty dollars ($269,930) to the Bank of America.

1



On November 15, 2007, the United States Court of Appeals for the Fourth Circuit affirmed the convictions on direct appeal. *See United States v. Kilgore*, ___ Fed.Appx. ___, 2007 U.S.App. LEXIS® 26512, 2007 WESTLAW® 4022840 (4th Cir., Nov. 15, 2007):

PER CURIAM:

Cleveland Kilgore was convicted by a jury on four counts of bank fraud, 18 U.S.C. § 1344 (2000), four counts of aggravated identity theft, 18 U.S.C. § 1028A (2000), and aiding and abetting those offenses, 18 U.S.C. § 2 (2000). He was sentenced to 149 months of imprisonment. On direct appeal, Kilgore has chosen to proceed pro se. Although Kilgore's arguments on appeal are largely indecipherable, construing his claims broadly, Kilgore appears to challenge the district court's subject matter jurisdiction and the sufficiency of the evidence to support his convictions.

As recently noted by this court, "[s]ubject-matter jurisdiction (in the sense of judicial power) over federal criminal prosecutions is conferred on district courts by 18 U.S.C. § 3231." *United States v. Hartwell*, 448 F.3d 707, 716 (4th Cir.), *cert. denied*, --- U.S. ----, 127 S.Ct. 328, 166 L.Ed.2d 246 (2006). Accordingly, a federal district court has jurisdiction over "all offenses against the laws of the United States." *See* 18 U.S.C. § 3231 (2000). Moreover, "there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts. That's the beginning and the end of the 'jurisdictional' inquiry." *Hartwell*, 448 F.3d at 716 (quoting *Hugi v. United States*, 164 F.3d 378, 380 (7th Cir.1999)).

Kilgore does not dispute that his criminal prosecution involved the laws of the United States. Relying on commercial law, he provides no valid authority for the proposition that the district court lacked subject matter jurisdiction. To the extent that Kilgore argues in his informal brief that he is a "Foreign Nation (not a person) who rules autonomously and [is] not subject to any entity or jurisdiction anywhere," his claim is patently meritless. Accordingly, we find that the district court properly exercised subject matter jurisdiction over Kilgore's criminal prosecution under 18 U.S.C. § 3231.

A jury's verdict must be sustained if there is substantial evidence, taking the view most favorable to the

2



Government, to support it. *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942). This court has "defined 'substantial evidence' as 'evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" *United States v. Smith*, 451 F.3d 209, 216 (4th Cir.) (quoting *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir.1996) (en banc)), *cert. denied*, 127 S.Ct. 197 (2006). This court "must consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established." *United States v. Tresvant*, 677 F.2d 1018, 1021 (4th Cir.1982). In evaluating the sufficiency of the evidence, this court does not review the credibility of the witnesses and assumes that the jury resolved all contradictions in the testimony in favor of the Government. *United States v. Romer*, 148 F.3d 359, 364 (4th Cir.1998). Moreover, the uncorroborated testimony of one witness or an accomplice may be sufficient to sustain a conviction. *United States v. Wilson*, 115 F.3d 1185, 1190 (4th Cir.1997). This court "can reverse a conviction on insufficiency grounds only when the prosecution's failure is clear." *United States v. Moye*, 454 F.3d 390, 394 (4th Cir.) (internal quotation marks and citation omitted), *cert. denied*, --- U.S. ----, 127 S.Ct. 452, 166 L.Ed.2d 321 (2006).

To prove bank fraud, the Government had to establish beyond a reasonable doubt that Kilgore

> knowingly execute[d], or attempt [ed] to execute, a scheme or artifice (1) to defraud a financial institution; or (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises.

18 U.S.C. § 1344. The elements of aggravated identity theft, 18 U.S.C. § 1028A, are: (1) knowing use, possession, or transfer, without lawful authority, of the means of identification of another person and (2) that such conduct occurred during and in relation to a felony enumerated in 18 U.S.C. § 1028A(c). *See United States v. Montejo*, 442 F.3d 213, 215 (4th Cir.), *cert. denied*, --- U.S. ----, 127 S.Ct. 366, 166 L.Ed.2d 138 (2006). In turn, § 1028A(c)(5) defines an enumerated felony to include "any provision contained in chapter 63 (relating to mail, bank, and wire fraud)."

3



> We have reviewed the transcripts of the trial and find sufficient evidence to sustain the jury's verdict. Accordingly, we affirm Kilgore's convictions and sentence. We deny Kilgore's motion for release pending appeal as moot and we further deny the "Motion to Grant Settlement." We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*United States v. Kilgore*, 2007 WESTLAW 4022840, at *1-*2.

In the above-captioned case (Civil Action No. 0:08-0506-HFF-BM), the petitioner appears to be reiterating the ground raised in his direct appeal; i.e., that the United States District Court for the District of Maryland lacked subject-matter jurisdiction to try him for bank fraud, identity theft, and aiding and abetting, a type of argument often raised by tax protesters or persons associated with militia-type groups.[1]  While the petition is captioned as a petition for writ of mandamus, since petitioner is seeking release from prison, it is being treated as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.

---

[1]In Entry No. 1-2, at page 4, the petitioner refers to himself as a "**sui juris man**[.]"   The petitioner appears to be attempting to refer to the doctrine of *jus summi imperii* (sometimes called *jura summa imperii*) which refers to the right of supreme dominion or the right of sovereignty. *Black's Law Dictionary* (electronic edition, 1999).  *Jus* and *jura* are singular and plural forms, respectively, of the Latin word meaning "right."  There is no such thing as a writ of sovereign rights. *See* Tanya Telfair Sharpe,  *The Identity Christian Movement:  Ideology of Domestic Terrorism*, 30 Journal of Black Studies Issue 4 (March 1, 2000), *reprinted at* 2000 WESTLAW® 12727206.



4

*Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition with attachments and the motion to proceed *in forma pauperis* pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 and other habeas corpus statutes, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[2] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978), *cert. denied*, *Moffitt v. Loe*, 446 U.S. 928 (1980); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, *Leeke v. Gordon*, 439 U.S. 970 (1978). The petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 75 U.S.L.W. 3643, 167 L.Ed.2d 1081, 127 S.Ct. 2197 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); *Cruz v. Beto*, 405 U.S. 319 (1972); *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). However, even though a *pro se* litigant's pleadings are accorded liberal construction, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

---

[2]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").



Whether filed by a state prisoner or federal prisoner, a petition for writ of habeas corpus under 28 U.S.C. § 2241 has been utilized only in limited situations — such as actions challenging the administration of parole, *Doganiere v. United States*, 914 F.2d 165, 169-170 (9th Cir. 1990), *cert. denied*, 499 U.S. 940 (1991); computation of good time or jail time credits, *McClain v. United States Bureau of Prisons*, 9 F.3d 503, 504-505 (6th Cir. 1993); prison disciplinary actions, *United States v. Harris*, 12 F.3d 735, 736 (7th Cir. 1994); and imprisonment allegedly beyond the expiration of a sentence, *Atehortua v. Kindt*, 951 F.2d 126, 129-30 (7th Cir. 1991). However, "a prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255." *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir.1994). Here, since the petitioner is seeking relief from his convictions entered in the United States District Court for the District of Maryland, the relief requested by the petitioner in the above-captioned matter is available, if at all, under § 2255, not § 2241 or through a writ of mandamus. *See United States v. Morehead*, 2000 U.S.Dist. LEXIS® 17611, 2000 WESTLAW® 1788398 (N.D. Ill., Dec. 4, 2000):

> Notwithstanding Bennett captioning this pleading under Federal Rule of Criminal Procedure 12(b)(2), this court must construe it as a motion attacking his sentence under 28 U.S.C. § 2255. Regardless of how a defendant captions a pleading, "any post-judgment motion in a criminal proceeding that fits the description of § 2255 ¶ 1 is a motion under § 2255...." *United States v. Evans*, 224 F.3d 670, 672 (7th Cir. 2000). In the pleading at bar, Bennett argues that the court did not have jurisdiction over his criminal case, which is one of the bases for relief under § 2255 ¶ 1. Therefore, this court must construe this motion as a § 2255 motion.

*United States v. Morehead.*

The United States Court of Appeals for the Seventh Circuit has reached a similar conclusion:



> Many decisions in this circuit hold that substance controls over the caption.
>
>> Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover. See, e.g., *Ramunno v. United States,* 264 F.3d 723 (7th Cir.2001). Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls. See *Thurman v. Gramley,* 97 F.3d 185, 186-87 (7th Cir.1996).
>
> *Melton v. United States,* 359 F.3d 855, 857 (7th Cir.2004) (emphasis in original). Lloyd's motion advanced the kind of arguments and sought the kind of relief covered by § 2255 ¶ 1. It therefore was a collateral attack, and because we had not granted permission for its commencement the district court was obliged to dismiss it for lack of jurisdiction. Although a miscaptioned *initial* collateral attack does not count for purposes of § 2244(b) and § 2255 ¶ 8 unless the district judge alerts the prisoner that it will use up the one allowed as of right, see *Castro v. United States,* 540 U.S. 375, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003), all later collateral attacks must be seen for what they are. A captioning error in a successive collateral proceeding cannot cost the prisoner any legal entitlement, so *Castro*'s warn-and-allow-withdrawal approach does not apply. See *Melton,* 359 F.3d at 857.

*United States v. Lloyd*, 398 F.3d 978, 979-980 (7th Cir. 2005). *See also United States v. Winestock*, 340 F.3d 200 (4th Cir.), *cert. denied*, *Winestock v. United States*, 540 U.S. 995 (2003).

Many federal prisoners, such as the petitioner, have erroneously attempted to overturn federal convictions by filing a Section 2241 action, to no avail. *See, e.g., San-Miguel v. Dove*, 291 F.3d 257 (4th Cir.) (upholding dismissal of Section 2241 action filed in the District of South Carolina challenging convictions and sentences entered in the United States District Court for the

7



District of Puerto Rico), *cert. denied*, *San-Miguel v. Dove*, 537 U.S. 938 (2002), and *cert. denied*, *Young v. Conley*, 537 U.S. 938 (2002).  Nevertheless, as noted hereinabove, the petitioner has an adequate and effective remedy for his complaints: a motion to vacate filed pursuant to 28 U.S.C. § 2255 in the District of Maryland.  *Phillips v. Jeter*, 2005 U.S.Dist. LEXIS® 2939, 2005 WESTLAW® 465160, *1-*2 (N.D. Tex., Feb. 25, 2005) (magistrate judge's Report and Recommendation).  *See also United States v. Winestock* and *Rhodes v. Houston*, 258 F. Supp. 546 (D. Neb. 1966).  A search of "on line" records from the United States District Court for the District of Maryland indicates that the petitioner has *not* filed a § 2255 motion to vacate, although he has filed two post-judgment motions.

Finally, even if the above-captioned case is treated as a mandamus action, it would still be subject to summary dismissal under *Heck v. Humphrey*, 512 U.S. 477 (1994), because a right of action has not accrued.  *See*, *e.g.*, *Johnson v. Freeburn*, 29 F. Supp. 2d 764, 772 (S.D. Mich. 1998) (under *Heck v. Humphrey*, nature of relief sought is not critical question; rather, it is the grounds for relief); *Clemente v. Allen*, 120 F.3d 703 (7th Cir. 1997) (affirming the denial of relief under *Bivens* and the denial of mandamus relief); *Ramsey v. United States*, 1997 WESTLAW® 74705 [no LEXIS® citation available] (N.D. Tex., Feb. 7, 1997) (denying mandamus relief under *Heck v. Humphrey*,  *Preiser v. Rodriguez*, 411 U.S. 475 (1973), and "their progeny'); and *Boyer v. Conaboy*, 983 F. Supp. 4 (D.D.C. 1997).

### *Recommendation*

Accordingly, it is recommended that the petition be dismissed *without prejudice* and without requiring the respondents to file a return.  *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on

8



respondents caused by ordering an unnecessary answer or return), *cert. denied*, 400 U.S. 906 (1970); and *Baker v. Marshall*, 1995 U.S.Dist. LEXIS® 4614, *2-*3, 1995 WESTLAW® 150451 (N.D.Cal., March 31, 1995) ("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."). Petitioner's motion for leave to submit prohibitory injunction pursuant to Rule 65 (Entry No. 9) should be **denied.**

The petitioner's attention is directed to the very important notice on the next page.

March 6, 2008                           Bristow Marchant
Columbia, South Carolina          United States Magistrate Judge



**<u>Notice of Right to File Objections to Report and Recommendation</u>**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.), *cert. denied*, *Schronce v. United States*, 467 U.S. 1208 (1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

